IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BILLY D. GANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-124 |
| | ) | |
| JEFFERSON ENERGY COOPERATIVE, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination case pursuant to Title VII under 42 U.S.C. § 2000e-5 and sought leave to proceed *in forma pauperis* ("IFP"). In a separate Order, the Court granted Plaintiff's motion to proceed IFP. For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

According to Plaintiff's complaint, the factual allegations of which the Court will accept as true for the limited purpose of screening the complaint, he was intimidated and discriminated against by Mansel McTier at his place of employment, Jefferson Energy Cooperative. (Doc. no. 1, p. 2). As a result, Plaintiff alleges that his work place was a hostile work environment. (Id.). Plaintiff alleges that Mr. McTier harassed Plaintiff for no good reason, and that he (Plaintiff) "[went] through the proper channels" to report the harassment, but "nothing [was] really done to stop it." (Id.). By reading through the attachments Plaintiff submitted with his complaint, the Court notes that Plaintiff's employment with Jefferson Energy Cooperative was terminated on January 16, 2007. (Id. at 22). Plaintiff's charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") was signed on May 16, 2007, and was filed on May 23, 2007. (Id.). Plaintiff's "right to sue" letter was signed and mailed on May 13, 2008, and received by Plaintiff on May 16, 2008. (Id. at 2, 6). The "right to sue" letter informed Plaintiff that he had "ninety days from the receipt of [his] notice of right to sue to file in court."[1] (Id. at 6). Plaintiff filed the above-captioned case on August 28, 2008.

## II. DISCUSSION

Where the EEOC chooses not to prosecute a charge of discrimination filed by a complainant, it "shall so notify the [complainant] and within 90 days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ." 42

---

[1] The "right to sue" letter also provided that "[m]ore than 180 days have passed since the filing of this charge," and that "[t]he EEOC is terminating its processing of this charge." (Doc. no.1, p. 6).

2

U.S.C. § 2000e-5(f)(1). A Title VII action may not be brought more than ninety days after the EEOC notices a complainant of his right to file a lawsuit. E.g., Santini v. Cleveland Clinic, 232 F.3d 823, 825 (11th Cir. 2000); Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339-41 (11th Cir. 1999).

Plaintiff in this case received his "right to sue" letter on May 16, 2008. He did not file suit in this case until August 28, 2008, more than 90 days after receiving notice of his right to sue. Plaintiff presents no reason for his failure to file his complaint in a timely fashion. Accordingly, Plaintiff's complaint should be dismissed for his failure to file his complaint in a timely fashion.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to comply with the administrative requirements for timely filing a Title VII complaint after an EEOC determination. The Court accordingly **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED on this 16th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3